IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-82-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANTHONY JERARD JOYE ) | |
| ) | |

This matter is before the court on defendant's motions for a certificate of innocence. (DE ## 61-63.) On 22 December 2017, the court directed the government to file a response to the motions within 20 days. The government has not filed any response, and the time within which to do so has expired.

Prior to 2008, defendant had been convicted twice of felony possession of cocaine in North Carolina state court. (DE ## 52-1, 52-2.) On 13 August 2018, an indictment filed in this court charged that on or about 28 February 2008 in this district, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, possessed, and aided and abetted another in the possession of, several firearms in violation of 18 U.S.C. §§ 2 and 922(g)(1). Defendant pled guilty to the charge, and this court sentenced him to 37 months imprisonment. Defendant did not appeal.

In 2013, and in light of the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (DE # 49.) The government did not oppose defendant's motion. (See DE # 55.) The court granted the motion and accordingly, vacated defendant's conviction and sentence. (DE # 56.)

In 2016, defendant filed a complaint under the Federal Tort Claims Act for wrongful conviction and imprisonment. Joye v. United States, No. 5:16-CT-3098-D (E.D.N.C.). On Magistrate Judge Numbers' recommendation, without objection from defendant, the court dismissed the complaint without prejudice and directed the clerk to docket defendant's 21 June 2017 filing as a motion for a certificate of actual innocence under 28 U.S.C. § 2513 in the instant criminal case. Id., DE # 16. The clerk did so, (DE # 61), and defendant subsequently filed two additional motions for a certificate of actual innocence, (DE ## 62, 63). Defendant relies solely on the fact of the vacation of his federal conviction to support his motions.

> Section 2513, the "unjust convictions and imprisonment statute," provides in pertinent part:
> (a) Any person suing under section 1495 of this title must allege and prove that:
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
> The plain language of § 2513(a) thus requires a petitioner to both "allege and prove" three predicates. *See United States v. Graham*, 608 F.3d 164 (4th Cir. 2010). First, the petitioner must establish that the record of the court setting aside or reversing his conviction demonstrates that the court did so on the ground that he is not guilty of the offense for which he was convicted. Second, the petitioner must prove that he did not commit any of the acts charged, or that those acts or related acts constituted no crime against the United States, or any State, Territory or the District of Columbia. Third, the petitioner must demonstrate that he did not by misconduct or neglect cause or bring about his own prosecution.

United States v. Mills, 773 F.3d 563, 565-66 (4th Cir. 2014). "A district court has 'substantial discretion' when determining whether to grant or deny a certificate of innocence pursuant to 28 U.S.C. § 2513." Id. at 566 (citation omitted).

Here, because defendant's federal conviction has been set aside on the ground he was not guilty of being a felon in possession of firearms and aiding and abetting the same, he satisfies the first predicate of § 2513. To satisfy the second predicate, defendant must allege and prove "either (a) he did not commit any of the acts charged or (b) those acts, or related acts, constituted no crime against the United States, or any State, Territory or the District of Columbia." Id. at 567. Defendant has not alleged, let alone proven, either of these parts of the second predicate.

As for the first part, by virtue of his guilty plea, defendant admitted to possessing (and aiding and abetting the possession of) firearms on 28 February 2008. Therefore, he committed an act charged and does not satisfy the first part of the second predicate. See id. at 567-69. Because defendant had two prior North Carolina convictions for possession of cocaine, defendant's possession of the firearms on 28 February 2008 violated North Carolina law. See N.C. Gen. Stat. § 14-415.1(a); State v. Floyd, 794 S.E.2d 460, 463 (N.C. 2016) ("The offense of possession of a firearm by a convicted felon has two essential elements: (1) the defendant has been convicted of a felony, and (2) the defendant subsequently possessed a firearm." (citing N.C. Gen. Stat. § 14-415.1(a)); State v. Jones, 598 S.E.2d 125, 127 (N.C. 2004) (holding possession of cocaine is a felony). Thus, defendant cannot satisfy the second part of the second predicate. Lacking the ability to prove either part of the second predicate, the court will not issue defendant a certificate of innocence under § 2513.

For the foregoing reasons, defendant's motions are DENIED.

This 22 February 2018.

_____
W. Earl Britt
Senior U.S. District Judge